J-S78036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE BOOKER | : | |
| | : | |
| Appellant | : | No. 1094 EDA 2018 |

Appeal from the PCRA Order March 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0833171-1989

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:           **FILED JANUARY 07, 2019**

Appellant, George Booker, appeals from the March 15, 2018, order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. After a careful review, we affirm.

The PCRA court has adequately set forth the procedural history underlying this appeal as follows:

> On June 11, 1990, [Appellant] was convicted at a jury trial presided over by the Honorable David Savitt of first-degree murder, possession of an instrument of crime and a violation of the Uniform Firearms Act. [Appellant] was sentenced on that same date to life in prison [without the possibility of parole] for the murder conviction and to two concurrent prison terms of two and a half years to five years for his remaining convictions. [Appellant] did not file a direct appeal of his judgment of sentence.
>
> On July 8, 1992, [Appellant] filed [a] *pro se* PCRA petition. Counsel was appointed, and ultimately, [Appellant's] direct appeal rights were reinstated *nunc pro tunc*. A timely appeal was filed to

_____
* Former Justice specially assigned to the Superior Court.

the Pennsylvania Superior Court. On March 30, 1994, the Superior Court affirmed his judgment of sentence. The Pennsylvania Supreme Court denied allowance of appeal on February 10, 1995.

On May 10, 1999, [Appellant] filed a *pro se* PCRA petition, which was treated as a first petition.[1] Appointed counsel filed a **Turner/Finley**[2] "no-merit" letter. The PCRA court denied relief, and the Superior Court affirmed the PCRA court's decision on August 17, 2001.

[Appellant] was subsequently unsuccessful in obtaining collateral relief through a serial PCRA petition filed in 2013.

On March 1, 2016, [Appellant] filed the instant *pro se* PCRA petition. [Appellant] also submitted a supplemental petition which was reviewed jointly with his petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the PCRA court's intention to dismiss his petition on December 13, 2017. [Appellant] submitted a response to the Rule 907 notice on January 2, 2018. On March 15, 2018, the PCRA court dismissed his PCRA petition as untimely. On April 5, 2018, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, filed 5/29/18, at 1-2 (footnote in original) (footnote added) (some footnotes omitted).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa.Super. 2000). In reviewing the propriety of the PCRA court's dismissal of Appellant's petition, we are limited to determining whether the PCRA court's

---

[1] Since Appellant's initial PCRA petition resulted in the restoration of his direct appeal rights *nunc pro tunc*, the PCRA court properly treated this petition as a first PCRA petition. **See Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 2 -

findings are supported by the record, and whether the order is free of legal error. **Commonwealth v. Allen**, 557 Pa. 135, 732 A.2d 582 (1999).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *Commonwealth v. Walters*, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). *See* 42 Pa.C.S.A. § 9545(b)(2).

With regard to the case *sub judice*, this Court has previously held the following:

> Because [Appellant] did not file a petition for a writ of *certiorari* with the United States Supreme Court, [Appellant's] judgment of sentence became final 90 days after February 10, 1995, the date on which the Pennsylvania Supreme Court denied allowance of appeal. *See* U.S. Supreme Court Rule 13 (effective January 1, 1990) (stating that a petition for writ of *certiorari* to review the judgment of sentence is deemed timely when it is filed within 90 days after the entry of the judgment of sentence). Thus, for the purposes of Section 9545, the judgment of sentence became final on May 11, 1995.

*Commonwealth v. Booker*, 3304 EDA 2000, at *4 (Pa.Super. filed 8/17/01) (unpublished memorandum). Accordingly, Appellant's instant PCRA petition, which was filed on March 1, 2016, is patently untimely.

However, this does not end our inquiry as Appellant invokes *Montgomery v. Louisiana*, \_\_\_\_ U.S. \_\_\_\_, 136 S.Ct. 718 (2016),[3] and contends that he has met the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

In 2012, the Supreme Court of the United States held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, 567 U.S. 460, 465, 132 S.Ct. 2455 (2012) (emphasis added). In *Montgomery*, *supra*, the High Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S.Ct. at 736.

Here, Appellant was not under the age of 18 when he murdered his victim and, in fact, he was 20 years old. *See* Appellant's Brief at 6, 11, 13 (admitting Appellant was 20 years old when he committed his crime). This

---

[3] The High Court filed *Montgomery* on January 27, 2016, and Appellant filed the instant PCRA petition on March 1, 2016. Accordingly, Appellant filed his instant petition within the requisite sixty day threshold. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super. 2007) ("[W]ith regard to [the newly] recognized constitutional right [exception],. . .the [sixty] day period begins to run upon the date of the underlying judicial decision.").

Court has held that because *Miller* does not apply to a petitioner who was 18 years or older at the time he committed murder, such petitioner cannot rely on *Miller* (or *Montgomery*) to avail himself of the time-bar exception in subsection 9545(b)(1)(iii). *See Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa.Super. 2018 (*en banc)* (holding that the High Court's ruling in *Montgomery v. Louisiana* did not extend *Miller's* holding to individuals who committed homicides after they reached the age of 18).

Appellant seeks to avail himself of the holding of *Miller* by asserting that he was a *de facto* juvenile when he committed the murder because "scientists [have] found that the human brain does not fully develop until one reaches their mid-twenties." Appellant's Brief at 6, 8-9. We conclude this is an argument for an **extension** of the holding of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. "A contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking an expansion of the right] timely pursuant to Section 9545(b)(1)(iii)." *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (emphasis in original).

This Court has previously refused to render relief on an appellant's brain science argument. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief

because he was a "technical juvenile" at the time he committed his crimes). Consequently, Appellant has not met the timeliness exception of Section 9545(b)(1)(iii).

Finally, to the extent Appellant relies on *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013), his claim fails as he did not raise his *Alleyne* claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The United States Supreme Court decided *Alleyne* on June 17, 2013; however, Appellant filed his instant petition in which he presented his claim on March 1, 2016. Thus, Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar.[4] *See Boyd*, *supra*.

We agree with the PCRA court that Appellant's instant PCRA petition is untimely and Appellant has not satisfied any exception to the PCRA's timeliness requirements. Therefore, this Court, as well as the PCRA court, lacks jurisdiction to consider the merits of Appellant's claims.

---

[4] Moreover, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. Indeed, the Pennsylvania Supreme Court has expressly held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 636 Pa. 301, 142 A.3d 810, 820 (2016). As such, for this independent reason, *Alleyne* does not satisfy the newly-recognized constitutional right exception set forth at § 9545(b)(1)(iii). *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014) ("This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.").

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19